**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA                                                                                           DEBORAH L. BOARDMAN
FEDERAL PUBLIC DEFENDER                                                         FIRST ASSISTANT FEDERAL PUBLIC DEFENDER

October 20, 2016

The Honorable A. David Copperthite
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

   Re: <u>United States v. Harold T. Martin</u>, BPG-16-2254

Dear Judge Copperthite:

  As the Court is aware, a detention hearing will be held in this matter tomorrow at 2:15 p.m. The government has submitted a detailed memorandum identifying grounds for detention. See ECF 21. The government focuses almost exclusively on the potential danger that might result if Mr. Martin is released. We disagree with this as a factual matter. More importantly, the government overlooks a critical and dispositive fact: the Bail Reform Act provides no legal basis under which the government may seek Mr. Martin's detention based on danger.

  As a secondary ground for detention, the government claims that Mr. Martin is a flight risk. For reasons that will be discussed in detail at the hearing, Mr. Martin does not pose a serious risk of flight. To the extent the Court has any concerns about ensuring his future appearance in Court, conditions of release may be fashioned to allay those concerns.

  Courts across the country, including in this District, have released defendants facing similar charges. Indeed, in every recent case involving allegations of theft of government property, unauthorized removal or retention of classified materials, and other similar charges, the defendant has been released pending trial or sentencing. See Ex. A (chart summarizing recent cases). This Court, too, should release Mr. Martin from custody pending trial.

  **A. The government has no legal basis under the Bail Reform Act to seek detention based on danger.**

  The Bail Reform Act specifically identifies the five types of cases in which the government may seek to detain a defendant pending trial. See 18 U.S.C. § 3142(f)(1). The offenses with which Mr. Martin is charged – theft of government property and unauthorized removal or retention of classified materials – do not fall within any of the enumerated categories. See United States v. Byrd, 969 F.2d 106, 109 (5th Cir. 1992) ("[Section] 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in § 3142(f)]."). The five types of cases

where the government may move for detention based on a risk of danger are: (1) cases that involve a "crime of violence" or an offense listed in section 2332b(g)(5)(B) which carries a maximum term of imprisonment of ten years or more; (2) cases for which the maximum sentence is life imprisonment or death; (3) particular types of drug cases for which the maximum sentence is ten years or more; (4) any felony if the individual has been convicted of two or more offenses previously described in (1)-(3); and (5) any felony that is not otherwise a crime of violence that involves a minor victim or possession of certain kinds of weapons. 18 U.S.C. § 3142(f)(1)(A)-(E). This case obviously does not fit within any of the last four options; the only remaining question is whether it fits within the first. The answer is no.

**1. The offenses with which Mr. Martin is charged do not qualify as "crimes of violence."**

Mr. Martin's charges do not qualify as "crimes of violence." Section 3156 defines a "crime of violence," in pertinent part, as: "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(A)-(B). The first clause – § 3156(a)(4)(A) – is the "force clause." The other – § 3156(a)(4)(B) – is the "residual clause." Beginning with the "force clause" definition, the Court must apply the categorical approach to determine whether Mr. Martin's charges include an element of physical force – which means "strong physical force," "capable of causing physical pain or injury to another person." See Johnson v. United States, 559 U.S. 133, 140 (2010); see also Descamps v. United States, 133 S. Ct. 2276, 2283 (2013) (explaining that the categorical approach requires courts to "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence"). Neither offense with which Mr. Martin is charged has an element of the "use, attempted use, or threatened use of physical force against the person or property of another."

Turning to the "residual clause," that clause is void for vagueness in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2251 (2015). Nevertheless, even if this Court determines that the residual clause is not void for vagueness, Mr. Martin's offenses do not qualify under this clause. Applying the categorical approach, there is no risk, let alone a substantial risk, that the defendant would use "strong physical force" in committing theft of government property or unauthorized removal or retention of classified materials. And it makes no matter that another individual might use force upon obtaining national defense information. In other words, to qualify under the residual clause, the risk must be that the defendant himself will be the one to use physical force, not someone else. See Jobson v. Ashcroft, 326 F.3d 367, 373 (2d Cir. 2003) (explaining that 18 U.S.C. § 16(b) – which is materially indistinguishable from the residual clause at issue here – "refers only to those offenses in which there is a substantial likelihood that the perpetrator will intentionally employ physical force" (emphasis added)).

The Honorable A. David Copperthite
United States v. Harold T. Martin, BPG-16-2254
October 20, 2016
Page 3

### 2. The offenses with which Mr. Martin is charged are not listed under 18 U.S.C. § 2332b(g)(5)(B).

As to whether Mr. Martin has been charged with an offense listed under 18 U.S.C. § 2332b(g)(5)(B), the answer is no. None of the offenses with which Mr. Martin is charged is listed in § 2332b(g)(5)(B), which targets terrorist attacks, such as destruction of aircraft and violence at airports. Section 2332b(g)(5)(B) is very specific; it lists more than fifty enumerated offenses, and none of Mr. Martin's charges is on the list. This Court cannot insert an absent term into this unambiguous statute. Cf. United States v. Persico, 376 F. App'x 155, 156 (2d Cir. 2010) (reasoning that the Court may only presume dangerousness under the Bail Reform Act if it finds probable cause to believe that "the defendant has committed various specific listed offenses" (emphasis added)); see also United States v. Sabhani, 493 F.3d 63, 68 & n.5 (2d Cir. 2007) (suggesting that no presumption of dangerousness applied where the defendant was not charged with a crime listed in § 3142(e)). Section 3142(f)(1), in sum, does not encapsulate the offenses with which Mr. Martin is charged. The government lacks any basis under the Bail Reform Act to seek to detain him based on a risk of danger.

### B. Mr. Martin is not a risk of flight.

Finally, Mr. Martin is not a risk of flight, and the cases included in the attached chart confirm that, to the extent that this is a factor of concern, it may be addressed with specific release conditions. The government concocts fantastical scenarios in which Mr. Martin – who, by the government's own admission, does not possess a valid passport – would attempt to flee the country. Mr. Martin's wife is here in Maryland. His home is here in Maryland. He has served this country honorably as a lieutenant in the United States Navy, and he has devoted his entire career to serving his country. There is no evidence he intended to betray his country. The government simply does not meet its burden of showing that no conditions of release would reasonably assure Mr. Martin's future appearance in court. For these reasons, and additional reasons to be discussed at the detention hearing, Mr. Martin should be released on conditions pending trial.

We thank the Court for its attention to this matter.

Respectfully,

/s/

James Wyda
Deborah L. Boardman

cc:   Zachary Myers, AUSA